IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEVIN L. WARNER,                        §
                                        §
                    Plaintiff,          §
                                        §   Civil Action No. 3:15-CV-1878-D
VS.                                     §
                                        §
LEAR CORPORATION, et al.,               §
                                        §
                    Defendants.         §

MEMORANDUM OPINION
AND ORDER

In this labor dispute arising from disciplinary actions taken against, and the
termination of, plaintiff Kevin L. Warner ("Warner"), and the mediation of one of his
grievances, the court must decide whether Warner has stated a claim against two of the
defendants (a labor union and its local) on which relief can be granted. For the reasons that
follow, the court grants defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), and
also grants Warner leave to amend.

I

This is an action by Warner against defendants Lear Corporation ("Lear"),
International Union, United Automobile Aerospace and Agricultural Implement Workers of
America ("UAW"), Local Union 129 ("Local 129"), Federal Mediation and Conciliation
Service ("FMCS"), and John Doe Mediator, seeking relief under the Labor Management
Relations Act of 1947 ("LMRA"), 29 U.S.C. § § 141-97, and Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*[1]  UAW is a labor organization that represents employees in various industries.  Local 129, an affiliate of UAW, and Lear, a manufacturer and distributer of automotive seating and electrical systems, are parties to a collective bargaining agreement ("CBA"), which includes grievance and arbitration procedures.  Warner is a former employee of Lear, and a member of UAW and Local 129.

Warner began working for Lear in 2000 as a Plant Wide Absentee Replacement Operator.  Lear has disciplined him numerous times, and he has filed many grievances against Lear under the negotiated grievance procedures.  UAW and Local 129 have resolved several past grievances on Warner's behalf, including a suspension grievance that was settled in mediation in August 2014.  Lear maintains that, following this settlement, Warner has repeatedly engaged in further acts of misconduct.  Another mediation was scheduled for April 22, 2015 before a FMCS mediator regarding one of Warner's pending grievances.  On February 20, 2015 Lear discharged Warner on the ground that he had repeatedly failed to return in a timely manner from his work breaks.  UAW and Local 129 filed and processed the discharge grievance on Warner's behalf, formally invoked arbitration, and are currently preparing to arbitrate the discharge grievance.

---

[1]In deciding this Rule 12(b)(6) motion, the court construes the complaint in the light most favorable to Warner, accepts all well-pleaded factual allegations, and draws all reasonable inferences in his favor.  *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).  "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

The facts surrounding the April 22, 2015 mediation appear to form the basis of Warner's complaint and are not disputed.[2]  Before the scheduled mediation, J.B. Brown ("Brown"), a UAW representative, informed Warner and his attorney, Bruce McLeod ("McLeod"), that the CBA is a contract among Lear, Local 129, and UAW, and that, because UAW acts as the exclusive representative of union employees during grievance procedures, Brown would represent Warner during the mediation.  Warner and McLeod appeared for mediation, however, and McLeod demanded that he be allowed to represent Warner in the mediation.  The FMCS mediator informed Warner and McLeod that UAW was Warner's exclusive representative under the CBA and that Warner was not entitled to have his own lawyer present for mediation.  The FMCS mediator requested that McLeod leave the mediation.  When McLeod refused to do so and became disruptive, the FMCS mediator canceled the mediation.  After Warner and the FMCS mediator departed, Brown conferred with Lear's representative and successfully negotiated a settlement of the disciplinary grievance whereby Lear agreed to rescind the disciplinary action that formed the basis of the grievance.

---

[2]Because the complaint lacks these crucial background facts, these facts are taken from UAW's and Local 129's brief in support of their motion to dismiss.  Warner does not challenge these facts in his briefing; rather, he asserts that these facts prove his alleged violations.

After receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"),[3] Warner filed this lawsuit, asserting claims for breach of the CBA and breach of the duty of fair representation under the LMRA,[4] and retaliation, hostile work environment, and wrongful termination under Title VII.

UAW and Local 129 move to dismiss all of Warner's claims against them under Rule 12(b)(6).  Warner opposes the motion.

---

[3]The parties dispute the scope of Warner's EEOC charge.  UAW and Local 129 maintain that Warner's EEOC charge, and thus the EEOC's investigation, only addressed Lear, not UAW and Local 129.  Warner contends, however, that his EEOC charge covered UAW and Local 129.  Because a copy of Warner's official Form 5 charge is not before the court, the court will assume *arguendo* that the scope of Warner's EEOC charge covers the Title VII claims against UAW and Local 129.  But the court cautions that this lawsuit "is limited in scope to the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination."  *Hayes v. MBNA Tech., Inc.*, 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (Fitzwater, J.) (citing *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990)).

[4]Warner's first cause of action is entitled "Breach of Contract."  Warner alleges, however, that defendants'

> failure . . . to comply with [his] insistence to return to "Mediation" by terms and condition[s] by way of 301 of the [LMRA] constitutes a material breach of the terms and conditions of the UAW obligation thus, breaching its duty of representation by failing to give adequate representation to a union member in the grievance "Mediation procedure[.]"

Compl. ¶ 12.  And Warner's surreply states that he is suing defendants for "Hybrid 301 Breach of Duty of Fair Representation."  P. Surreply ¶ 3.  The court therefore construes count one as a hybrid § 301 claim for breach of the CBA and breach of the duty of fair representation.

- 4 -

## II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive UAW's and Local 129's motion, Warner's complaint must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

The court turns first to Warner's hybrid § 301 claim under the LMRA for breach of the CBA and breach of the duty of fair representation.

A

"A § 301 breach of contract and fair representation suit comprises two distinct causes of action, one against the employer, and the other against the union." *Williams v. Simmons Co.*, 185 F.Supp.2d 665, 675 (N.D. Tex. 2001) (Solis, J.) (citing *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 977 (5th Cir. 1986)).  Section 301 of the LMRA "provides an employee with a federal cause of action against his employer for breach of their collective bargaining agreement." *Id.* (citing 29 U.S.C.A. § 185(a) (West 1998)).  "The suit against the union for breach of the duty of fair representation is implied under the scheme of the National Labor Relations Act." *Id.* (citing *Daigle*, 794 F.2d at 977 (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983))).  "The two causes of action are 'inextricably interdependent,' and have come to be known as a 'hybrid' § 301/duty of fair representation suit." *Id.* (citing *Daigle*, 794 F.2d at 977); *see also Landry v. The Cooper/T. Smith Stevedoring Co., Inc.*, 880 F.2d 846, 850-51 (5th Cir. 1989).

- 6 -

B

UAW and Local 129 contend, *inter alia*, that Warner has failed to state a plausible § 301 hybrid claim because he does not allege any facts to support the claim that UAW or Local 129 breached the duty of fair representation.

1

The duty of fair representation imposes an obligation on a union to "investigate a grievance in good faith" and "prosecute a grievance 'with reasonable diligence unless it decides in good faith that the grievance lacked merit or for some other reason should not be pursued.'" *Landry*, 880 F.2d at 852 (quoting *Hammons v. Adams*, 783 F.2d 597, 602 (5th Cir. 1986)) (citing *Abilene Sheet Metal, Inc. v. NLRB*, 619 F.2d 332, 347 (5th Cir. 1980)). But "[a]n employee has no absolute right to have his grievance taken to arbitration or to any other level of the grievance process." *Id.* (citing *Vaca v. Sipes*, 386 U.S. 171, 191 (1967); *Turner v. Air Transp. Dispatchers Ass'n*, 468 F.2d 297, 300 (5th Cir. 1972)). "Instead, a breach of the duty of fair representation occurs 'only when the union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'" *Id.* (quoting *Vaca*, 386 U.S. at 190). "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)). "This 'wide range of reasonableness' gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong." *Marquez v. Screen*

*Actors Guild, Inc.*, 525 U.S. 33, 45-46 (1998).  "A union does not breach its duty of fair representation, however, through simple negligence or a mistake in judgment."  *Landry*, 880 F.2d at 852 (citing *Vaca*, 386 U.S. at 192-93).

2

Warner alleges that Lear, UAW, and Local 129 denied his request that the parties mediate or arbitrate his grievances, and that UAW failed to prepare him for mediation. Warner also contends that, despite his request to be represented by private counsel, defendants excluded Warner and McLeod from the April 22, 2015 mediation, even though the mediation was to be conducted as though it were a trial with witnesses and evidence. And Warner avers that this exclusion was "knowingly and intentional" and amounted to conduct that was "arbitrar[y], discriminatory, retaliatory with bad faith."  P. Resp. 10.

Warner has not alleged facts sufficient to state a plausible claim on which relief can be granted.  Other than conclusory allegations, Warner does not allege facts that permit the court to draw the reasonable inference that UAW and Local 129's conduct was "arbitrary, discriminatory, or in bad faith."  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).  The mere facts that UAW and Local 129 failed to comply with Warner's request that the parties arbitrate or mediate his grievances, and that they refused to allow Warner and McLeod to attend the mediation, do not permit the court to reasonably draw such an inference.  This is so because "[a]n employee has no absolute right to have his grievance taken to arbitration or to any other level of the grievance process."  *Landry*, 880 F.2d at 852

(citing *Vaca*, 386 U.S. at 191).  Additionally, a union "is not required to inform or allow the employee to participate in settlements."  *Sawyer v. Am. Postal Workers Union, AFL–CIO*, 2011 WL 6029925, at *4 (N.D. Tex. Nov. 30, 2011) (Lindsay, J.) (citing *Vaca*, 386 U.S. at 191).  It follows that an employee likewise has no absolute right to be prepared for mediation by private counsel, or to be represented by private counsel in settlements.  Further, Warner has not cited, and the court has not located, any cases that hold that a mediation with witnesses and evidence requires deviation from the normal treatment of grievance procedures.

Accordingly, Warner's § 301 hybrid claim against UAW and Local 129 is dismissed.

C

Alternatively, Warner has failed to state a plausible § 301 hybrid claim because he does not allege any facts that enable the court to draw the reasonable inference that Lear breached the CBA.  Warner alleges that "the concern for ongoing violations of the [CBA] have yet to be considered or resolved," that UAW and Lear failed to "comply with the terms of the [CBA] pursuant to employee/Union member grievances," and that defendants' failure "to comply with [Warner's] insistence to return to 'Mediation' . . . constitutes a material breach of the terms and conditions of the UAW obligation[.]"  Compl. ¶¶ 10-12.  But, other than these conclusory assertions, Warner does not allege how Lear breached the CBA or what provision of the CBA was breached.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

- 9 -

suffice.") (citation omitted).  Accordingly, Warner's § 301 hybrid claim against UAW and Local 129 is subject to dismissal on this ground as well.

## IV

The court next addresses Warner's Title VII claims.  Warner's hostile work environment and wrongful termination claims are asserted against his former employer, Lear, not UAW and Local 129.[5]  Although the complaint also appears to allege a retaliation claim against only Lear, Warner's surreply asserts this cause of action against UAW and Local 129 as well.  Thus the court will address Warner's retaliation claim.

Even assuming *arguendo* that Warner has exhausted his administrative remedies against the UAW and Local 129, and that he can bring this claim against a union that does not employ him, Warner has not sufficiently pleaded a plausible claim for retaliation against UAW or Local 129.  This is so because Warner has not made a *prima facie* showing of retaliation on the part of UAW or Local 129.

Warner asserts a retaliation claim under § 2000e-3(a) of Title VII.  Because he relies on circumstantial evidence to support his retaliation claim, Warner must proceed under the familiar *McDonnell Douglas* burden shifting framework.  *See, e.g., Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) ("A retaliation claim that is premised on a pretextual rationale for dismissal is analyzed under the *McDonnell Douglas* framework."); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  "To establish a prima

---

[5]Warner does not address these claims in his briefing on UAW's and Local 129's motion, which corroborates that he does not assert these claims against UAW and Local 129.

- 10 -

facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (per curiam) (citing *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)).  As to the third element, "a plaintiff making a retaliation claim under § 2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer."  *Univ. of Texas Sw. Med. Ctr. v. Nassar*, ___ U.S. ___, 133 S.Ct. 2517, 2534 (2013).

Warner alleges that he engaged in protected activity (filed the employment discrimination charge with the EEOC) and that he suffered an adverse employment action (repeated suspension and ultimate termination).  He also maintains that "his termination is directly attributable to the UAW and Lear[.]"  P. Surreply ¶ 23.  But Warner only alleges an adverse employment action taken by *Lear*, not by UAW or Local 129.  And other than conclusory allegations, Warner does not allege any facts that, accepted as true, show that UAW or Local 129 was involved in any decision to suspend or discharge him.  He also alleges only conclusory allegations, not any specific facts, showing the casual link between the protected activity and the adverse employment action.  Warner therefore has not satisfied the second and third elements of a prima facie case for retaliation under Title VII.

Accordingly, Warner's retaliation claim against UAW and Local 129 is dismissed.

V

Finally, Warner requests that the court deny UAW's and Local 129's motion as to his civil conspiracy claim. But the complaint does not assert a cause of action for civil conspiracy. And even if it did, the complaint fails to state a claim for civil conspiracy on which relief can be granted. Under Texas law, a civil conspiracy claim requires the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Wackman v. Rubsamen*, 602 F.3d 391, 408 (5th Cir. 2010) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)). Other than conclusory allegations, Warner has failed to allege any facts supporting any of these elements. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

Accordingly, Warner's civil conspiracy claim against UAW and Local 129 is dismissed.

VI

Although the court is granting the motion to dismiss, it will permit Warner to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (citation omitted). Because Warner has not stated that he cannot, or is

- 12 -

unwilling to, cure the defects that the court has identified, the court grants him 28 days from the date this memorandum opinion and order is filed to file an amended complaint.

*   *   *

For the reasons explained, UAW's and Local 129's motion to dismiss under Rule 12(b)(6) is granted, and Warner is granted leave to replead.

**SO ORDERED**.

January 28, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE