IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN L. WARNER, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:15-CV-1878-D |
| VS. | § |
| | § |
| LEAR CORPORATION, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In *Warner v. Lear Corp.*, 2016 WL 339606 (N.D. Tex. Jan. 28, 2016) (Fitzwater, J.) ("*Warner I*"), the court granted the Fed. R. Civ. P. 12(b)(6) motion to dismiss of defendants International Union, United Automobile Aerospace and Agricultural Implement Workers of America ("UAW") and Local Union 129 ("Local 129"), dismissed all of plaintiff Kevin L. Warner's ("Warner's") claims against UAW and Local 129,[1] and granted Warner leave to replead. *Id.* at *5. Warner has amended his complaint, and UAW and Local 129 move anew to dismiss under Rule 12(b)(6). For the reasons that follow, the court denies UAW and Local 129's motion to dismiss without prejudice as moot because Warner's amended complaint effectively drops them as parties.

---

[1]The court dismissed Warner's claims for violations of the Labor Management Relations Act of 1947, 29 U.S.C. §§ 141-97, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and his civil conspiracy claim. *See Warner I*, 2016 WL 339606, at *3-5.

I

Because the relevant background facts are set out in *Warner I*, *see id.* at *1-2, the court will limit its discussion to what is necessary to understand today's decision.[2] UAW is a labor organization that represents employees in various industries. Local 129, an affiliate of UAW, and Lear Corporation ("Lear"), a manufacturer and distributor of automotive seating and electrical systems, are parties to a collective bargaining agreement ("CBA") that includes grievance and arbitration procedures. Warner is a former employee of Lear, and a member of UAW and Local 129.

From the time Warner began working for Lear in 2000, Lear has disciplined him numerous times, and he has filed several grievances against Lear under the negotiated grievance procedures. UAW and Local 129 have resolved several of these grievances on Warner's behalf, including a suspension grievance that was settled in mediation in August 2014. After this settlement, Warner allegedly engaged in additional acts of misconduct. Another mediation was scheduled for April 22, 2015 before a Federal Mediation and Conciliation Service ("FMCS") mediator regarding one of Warner's pending grievances. On February 20, 2015 Lear discharged Warner on the stated ground that he had repeatedly failed

---

[2]In deciding this Rule 12(b)(6) motion, the court construes the amended complaint in the light most favorable to Warner, accepts all well-pleaded factual allegations, and draws all reasonable inferences in his favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

to return in a timely manner from his work breaks. UAW and Local 129 filed and processed the discharge grievance on Warner's behalf and formally invoked arbitration on July 28, 2015. At the time UAW and Local 129's motion was filed, they were preparing to arbitrate the discharge grievance, which was scheduled for March 10, 2016.

The facts surrounding the April 22, 2015 mediation appear to form the basis of Warner's claims. Before the scheduled mediation, J.B. Brown ("Brown"), a UAW representative, informed Warner and his attorney, Bruce McLeod, Esquire ("McLeod"), that the CBA is a contract among Lear, Local 129, and UAW, and that, because UAW acts as the exclusive representative of union employees during grievance procedures, Brown would represent Warner during the mediation. Warner and McLeod appeared for mediation, however, and McLeod demanded that he be allowed to represent Warner in the mediation. The FMCS mediator informed Warner and McLeod that UAW was Warner's exclusive representative under the CBA and that Warner was not entitled to have his own lawyer present for the mediation. The FMCS mediator requested that McLeod leave. When McLeod refused to do so and became disruptive, the FMCS mediator canceled the mediation. After Warner and the FMCS mediator departed, Brown conferred with Lear's representative and successfully negotiated a settlement of the disciplinary grievance whereby Lear agreed to rescind the disciplinary action that formed the basis of the grievance.

Warner filed this lawsuit against defendants Lear, UAW, Local 129, FMCS, and John Doe Mediator, seeking relief for breach of the CBA and breach of the duty of fair representation under the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C.

§§ 141-97, and retaliation, hostile work environment, and wrongful termination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* In *Warner I* the court granted UAW and Local 129's motion to dismiss under Rule 12(b)(6), dismissed all of Warner's claims against UAW and Local 129, and granted Warner leave to replead. Warner then timely filed his amended complaint, and UAW and Local 129 move anew to dismiss all of Warner's claims against them under Rule 12(b)(6). Warner has not responded to their motion.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive UAW and Local 129's motion, Warner's amended complaint must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III

UAW and Local 129 contend that Warner's amended complaint no longer asserts any claims against them because they are not named as defendants. They point out that Warner's complaint listed Lear, UAW, Local 129, FMCS, and John Doe Mediator as defendants in the case caption, described these defendants in the Introduction, including their citizenship for diversity jurisdiction purposes and the means by which service could be effected, and alleged diversity jurisdiction on the basis that "the plaintiff, [Warner] and defendants, [Lear], [UAW], [Local 129], and [FMCS] are residents of different states and the amount in controversy exceeds $75,000[.]" Compl. ¶ 5.[3] In the amended complaint, however, Warner lists only Lear and FMCS as defendants in the case caption, describes only Lear as a

---

[3]Allegations of residency, rather than of citizenship, are inadequate to invoke this court's jurisdiction. *Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399-400 (1925) (must plead citizenship as opposed to residency). But the complaint also alleged that the court had federal question jurisdiction under Title VII and the LMRA.

defendant in the Introduction, and alleges diversity jurisdiction on the basis that "the plaintiff, [Warner] and defendants, [Lear] and [FMCS] are residents of different states and the amount in controversy exceeds $75,000[.]" Am. Compl. ¶ 4.[4] UAW and Local 129 assert that Warner took affirmative steps to remove them from the amended complaint's case caption, Introduction, and allegations of diversity jurisdiction, and that they were not served with summonses relating to the amended complaint and were not sent a copy of the amended complaint. Thus UAW and Local 129 maintain that they are no longer parties to this action and that Warner has failed to state a claim against them. They also contend that they only filed this motion in an abundance of caution because the amended complaint includes some references to them. UAW and Local 129 posit that these references in the amended complaint were likely accidentally copied and pasted from the complaint. Warner does not respond to UAW and Local 129's assertions.

Although Warner refers to UAW and Local 129 throughout the amended complaint, it is clear from the amended complaint's case caption, description of defendants in the Introduction, and allegations regarding diversity jurisdiction, as well as the absence of a response from Warner to the motion to dismiss and lack of service on UAW and Local 129, that Warner does not assert any claims against UAW and Local 129 in his amended complaint. Accordingly, the court concludes that UAW and Local 129 have been dropped as parties-defendant. *See, e.g., Lumumba v. Marquis*, 2013 WL 5429429, at *5 & n.5 (D. Vt.

---

[4]The amended complaint entitles its jurisdiction section "Diversity and Federal Question," but it only alleges diversity jurisdiction in that section.

Sept. 30, 2013) (denying as moot motion to dismiss on ground that movants had been deleted from amended complaint—"[s]pecifically, [plaintiff] changed the caption in his Amended Complaint, and, in its section identifying the parties, listed 'Defendant, Cleon Hunter'" but not movants).  Because UAW and Local 129 are no longer parties, the court denies their motion to dismiss without prejudice as moot.

\*   \*   \*

For the reasons explained, UAW and Local 129's motion to dismiss under Rule 12(b)(6) is denied without prejudice as moot.  UAW and Local 129 are no longer parties-defendant in this case.

**SO ORDERED**.

May 5, 2016.

                                        _____
                                        SIDNEY A. FITZWATER
                                        UNITED STATES DISTRICT JUDGE